UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAWN MICHEAL BOONE,

      Plaintiff,

v.              Case No. 19-cv-902-pp

ABEDNEGO DESIR,

      Defendant.

---

**ORDER DISMISSING CASE BASED ON PLAINTIFF'S FAILURE TO SERVE DEFENDANT**

---

  Plaintiff Shawn Micheal Boone, a former Wisconsin inmate,[1] is representing himself. On July 26, 2019, Magistrate Judge William Duffin (to whom the case was assigned at the time) screened the complaint, dkt. no. 1, and allowed the plaintiff to proceed against two defendants based on his allegations that, while transporting him from a jail in North Carolina to a jail in Wisconsin, the defendants refused to stop to let him use the restroom. Dkt. No. 9. The plaintiff alleged that because he could not use the restroom, he was forced to sit in his own waste for more than six to eight hours. Id. Judge Duffin also found that the plaintiff stated a claim based on his allegations that the defendants refused to give him his medication for his mental health condition. Id.

---

[1] The plaintiff was released from custody about three months after he filed his complaint. See Dkt. No. 10.

On June 19, 2020, Judge Duffin granted defendant Raschid Manasseh's motion to dismiss, dkt. no. 22, based on the plaintiff's failure to oppose the motion. Dkt. No. 35 at 2 (citing Civil L. R. 7(d) (E.D. Wis.), which states, "Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion."). Judge Duffin noted that one defendant remained in the case. Id. He explained that the plaintiff had sued Abednego Desir, but that the U.S. Marshals Service had been unable to serve him with the plaintiff's complaint. Id.

Judge Duffin acknowledged that because the plaintiff had been given permission to proceed without prepaying the filing fee, the U.S. Marshals Service is required to serve process on the plaintiff's behalf. Id. He noted, however, that, "the Marshal[s] Service cannot accomplish the impossible." Id. at 3. After outlining the efforts of the Marshals Service, Judge Duffin explained that under Fed. R. Civ. P. 4(m), the plaintiff must serve Desir with the complaint if he wants to continue with his case. Id. Judge Duffin gave the plaintiff two ways to accomplish that: 1) he could serve Desir himself and provide the court with proof that he had done so, or 2) he could provide the court with additional information to assist the Marshals Service in locating and serving Desir. Id. Judge Duffin gave the plaintiff a deadline of July 10, 2020 to comply with his order. He informed the plaintiff that if the court did not hear from him by the deadline, the court would dismiss his case against Desir. Id.

As noted, this case previously was assigned to Judge Duffin. Because the Marshals Service has been unable to serve Desir with the complaint, he

2

Case 2:19-cv-00902-PP   Filed 07/24/20   Page 2 of 3   Document 36

doesn't know that the plaintiff has sued him, and he hasn't had a chance to decide whether to consent to Judge Duffin's authority to decide the case, so the clerk's office reassigned the case to this district judge to consider whether to dismiss the case.

Judge Duffin ordered the plaintiff to contact the court by July 10, 2020. The plaintiff hasn't done so. Because the plaintiff has not provided proof that he served Desir with the complaint or provided additional information about Desir's whereabouts to assist the Marshals Service in serving Desir, the court will dismiss the plaintiff's case against Desir without prejudice. See Fed. R. Civ. P. 4(m).

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** based on the plaintiff's failure to serve Desir with the complaint. The court will enter judgment accordingly. The plaintiff may refile his complaint against Desir subject to the three-year statute of limitations.

Dated in Milwaukee, Wisconsin, this 24th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Court Judge**